■ LAWRENCE MCKIERNAN, Respondent-Appellant, v HARTFORD LIFE INSURANCE COMPANY et al., Appellants-Respondents, and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Respondent.—In an action to recover proceeds under a group mortgage accident and health insurance policy, (1) the defendants Hartford Life Insurance Company (hereinafter Hartford), American Home Assurance Company (hereinafter American Home) and Empire of America FSA (hereinafter Empire) separately appeal from (a) a decision and order (one paper) of the Supreme Court, Rockland County (Stolarik, J.), dated August 29, 1986, which, *inter alia,* granted the cross motions of the plaintiff and the defendant American Bankers Insurance Company of Florida (hereinafter American Bankers) for summary judgment as against them and denied Empire's motion and Hartford's and American Home's cross motions for summary judgment dismissing the complaint as against them, and (b) from a judgment of the same court, entered September 16, 1986, which, *inter alia,* is in favor of the plaintiff and against the appellants-respondents in the principal sum of $15,648, and (2) the plaintiff cross-appeals (a) from so much of the decision and order as, in effect, denied his application for attorney's fees, and (b) from so much of the judgment as denied him attorney's fees.

Ordered that the appeals and cross appeal from the decision and order are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the first and third decretal paragraphs thereof and substituting therefor a provision dismissing the complaint insofar as it is asserted against Hartford, Empire, and American Home, and (2) adding a provision dismissing all of the remaining cross claims of the appellants-respondents asserted against each other and against the American Bankers; as so modified, the judgment is affirmed; and it is further,

Ordered that the decision and order is modified accordingly; and it is further,

Ordered that the appellants-respondents and the respondent are awarded one bill of costs.

The appeal from the intermediate decision and order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the decision and order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On February 28, 1974 the plaintiff Lawrence McKiernan purchased a certificate in a group accident and health insurance policy issued by the defendant Hartford. The certificate named the insured plaintiff as debtor and Empire State Federal Saving and Loan Association, the predecessor in the interest of the defendant Empire, as creditor. The certificate issued to the plaintiff was part of a group policy insuring individual mortgage payments owed to Empire's predecessor in interest and provided for the maximum of 60 monthly disability payments (five years) in the amount of $326 per month.

In a letter dated September 8, 1979, the defendant Empire's predecessor in interest notified Hartford that it was terminating its group accident and health insurance policy effective November 1, 1979. Hartford alleges that it did not receive this notification until on or about October 2, 1979.

In November 1979 letters were mailed notifying the creditors of the defendant Empire's predecessor in interest that coverage was now being underwritten by the defendant American Home, effective November 1, 1979. Although these letters were written on Empire stationery they were prepared and mailed by American Home.

The plaintiff received a letter which stated, *inter alia,*

"Dear Insured:

"We have some extremely important information for you

about your insurance coverage * * * information that concerns *you personally.*

"The Hartford Life Insurance Company policy which provided you with mortgage disability coverage has been terminated effective October 31, 1979.

"Your mortgage disability coverage will be underwritten by the American Home Assurance Company effective November 1, 1979 * * *

"Enclosed please find your new certificate of coverage and a descriptive brochure. Please read them carefully * * * for your own benefit, you should know the terms and conditions of your coverage.

"We'd like to point out some of the most important changes * * *

"2. Benefits may be paid for up to 3 years if disability commences before age 50; *1 year if on or after age 50.*

"These are just some of the changes that may effect you. Again, we urge you to read your certificate carefully. And, place it in a safe place along with your other important papers.

"The American Home Assurance Company has earned a reputation for service and efficiency.

"If you do not wish to continue your mortgage disability coverage with the American Home Assurance Company, *you must notify us immediately.*

"If you have any questions, please contact us" (emphasis added).

On March 1, 1982, American Home transferred its liability under the policy to the defendant American Bankers. American Bankers issued the plaintiff a certificate of assumption of the American Home certificate.

The plaintiff continued to make timely monthly premium payments to each of the successive insurance companies.

On May 5, 1983, several days before the plaintiff's 53rd birthday, he allegedly became totally disabled. American Bankers made monthly disability payments to the plaintiff for a period of one year. Payments ceased after May 1984 on the ground that the plaintiff was over the age of 50 at the time of the commencement of the disability.

In April 1985 the plaintiff commenced the instant action against the defendants Hartford, Empire, American Home and American Bankers to recover an additional four years of disability payments in accordance with the original terms of

the Hartford policy which had provided for disability payments for five years.

Each defendant cross-claimed against the other and also sought summary judgment in its favor. The plaintiff cross-moved for summary judgment against all four defendants. The court granted the plaintiff's cross motion for summary judgment against the defendants Hartford, Empire and American Home, but granted American Bankers' cross motion for summary judgment dismissing the complaint and Hartford's cross claims against it.

Our review of the record indicates that the court erred in denying summary judgment in favor of the defendants Hartford, Empire and American Home.

11 NYCRR 185.5 (h) reads: "A group credit insurance policy under which premiums are paid to the insurer monthly on outstanding balances shall contain a provision that, in the event of termination of such policy by the insurer or creditor, 31 days' notice of such termination shall be given to any debtor insured under the policy by the insurer where practicable, otherwise by the creditor, unless there is immediate replacement of the coverage by the same or another insurer".

We find that it was impracticable for Hartford to give 31 days' notice to the plaintiff in light of the short notice of termination which Hartford itself received from Empire's predecessor in interest. In addition, Hartford was in fact informed by Empire's predecessor in interest that coverage was to be provided by American Home.

We note that there are special rules for credit insurance on transactions secured by real estate mortgages. 11 NYCRR 185.14 (b) (1) reads:

"No coverage shall terminate prior to the earliest of * * *

"(vii) in the case of a group policy, the opportunity for the covered person to obtain an individual conversion policy when the indebtedness is assigned to any other party or when the group policy terminates".

Although Hartford did not offer the plaintiff an individual conversion policy, we find that the plaintiff suffered no prejudice since the plaintiff chose to accept immediate coverage under the new American Home policy. In addition we also note that the plaintiff's disability commenced some 3½ years after the plaintiff ceased making premium payments to Hartford. Accordingly, we find that Hartford's cross motion for summary judgment dismissing the complaint and all cross

claims insofar as they are asserted against it should have been granted.

Although we find that it was possible for the defendant Empire's predecessor in interest, as creditor, to give the plaintiff 31 days' notice of termination pursuant to 11 NYCRR 185.5 (h), we also find that under the circumstances of this case, to hold Empire liable for four years of disability payments would be inequitable. Empire's predecessor in interest did in fact notify the plaintiff that it was terminating coverage by Hartford and replacing it with coverage by American Home. We recognize that this notification was given less than 31 days before Hartford's termination but note that the plaintiff accepted American Home's replacement coverage by making monthly premium payments to American Home. In addition, we note that the plaintiff cannot claim that he was unaware of the change in terms of coverage for disabilities commencing after the age of 50 in light of the notification letter he received from Empire's predecessor in interest.

Although the court in its decision emphasized the fact that this letter of notification was prepared and mailed by American Home we find this emphasis misplaced since the notification appeared on the stationery of Empire's predecessor in interest and was signed by its assistant vice-president. Accordingly, Empire's motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it should have been granted.

We reject the court's finding that American Home "assumed" Hartford's coverage and was therefore obligated to issue benefit coverage on the same basis as the original policy. Clearly, American Home offered new and different coverage upon Empire's termination of Hartford's group policy and did not assume Hartford's coverage. In addition, the plaintiff accepted the new coverage by making monthly premium payments to American Home. We therefore find that the complaint and all cross claims insofar as they are asserted against American Home should have been dismissed.

We agree, however, with the court's granting of summary judgment in favor of the defendant American Bankers. American Bankers issued a certificate of assumption to the plaintiff stating that it was assuming American Home's coverage. As a result of this assumption American Bankers was only responsible for providing disability payments to the plaintiff for a period of one year according to the terms of the American Home policy which American Bankers assumed. Although the

court only addressed Hartford's cross claim against American Bankers, we find that all cross claims against American Bankers should have been dismissed.

Finally, we reject the plaintiff's contention that he was entitled to attorney's fees (see, City of Buffalo v Clement Co., 28 NY2d 241, 262-263, rearg denied 29 NY2d 640, 649). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.